The **CELOTEX CORPORATION**,
Plaintiff,

v.

**OIL, CHEMICAL AND ATOMIC WORK-
ERS INTERNATIONAL UNION,
AFL–CIO, Defendants.**

Civ. No. 74–155.

United States District Court,
M. D. Pennsylvania.

June 26, 1974.

Richard M. Goldberg, Allan M. Kluger, Hourigan, Kluger & Spohrer, Wilkes-Barre, Pa., David C. Toomey, Duane, Morris & Heckscher, Philadelphia, Pa., for plaintiff.

David E. Koff, Wilkes-Barre, Pa., for defendants.

## OPINION

MUIR, District Judge.

Before the Court is Defendants' motion for assessment of damages pursuant to § 7 of the Norris-LaGuardia Act, 29 U.S.C. § 107. The motion raises the question of whether Defendants may recover their legal fees and costs incurred in defending an action to enjoin an admittedly illegal strike in which they were involved.

Plaintiff commenced this action against the Defendants by filing a com-plaint on February 19, 1974 pursuant to § 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a). Plaintiff sought a temporary restraining order against a work stoppage and related conduct which the Plaintiff alleged was in violation of the Collective Bargaining Agreement between the Plaintiff and the Defendant Unions. Plaintiff also requested that after the issuance of the temporary restraining order a hearing be held and the injunction be made permanent. On February 19, 1974, this Court issued a temporary restraining order enjoining the work stoppage. The consolidated hearing on Plaintiff's motion for preliminary and final injunction was held on March 12, 1974 and in an opinion and order dated March 19, 1974, Cleotex v. Oil Chemical, etc., et al., 373 F.Supp. 29 (M.D.Pa. 1974), the Court denied the Plaintiff's request for a preliminary and final injunction and granted Defendants' motion to vacate the temporary restraining order.

The facts surrounding the illegal work stoppage are set forth fully in the Court's March 19, 1974 opinion. The temporary restraining order was vacated and the motions for preliminary and final injunctions were denied on the ground that injunctive relief was no longer necessary because the illegal work stoppage had ceased and there was little likelihood that the strike would resume. 373 F.Supp. at p. 32.

In the present motion, Defendants contend that the temporary restraining order issued by the Court on February 19, 1974, was improvidently issued in that the Court failed to follow certain procedural requirements imposed by the Norris-LaGuardia Act, particularly § 7 of that Act, 29 U.S.C. § 107. Therefore, Defendants contend that they are entitled to expenses incurred as a result of the improperly entered temporary restraining order pursuant to § 7 of the Act which provides in part:

"No temporary restraining order or temporary injunction shall be issued except on condition that complainant

shall first file an undertaking with adequate security in an amount to be fixed by the court sufficient to recompense those enjoined for any loss, expense, or damage caused by the improvident or erroneous issue of such order or injunction, including all reasonable costs (together with a reasonable attorney's fee) and expense of defense against the order or against the granting of any injunctive relief sought in the same proceeding and subsequently denied by the court.

"The undertaking mentioned in this section shall be understood to signify an agreement entered into by the complainant and the surety upon which a decree may be rendered in the same suit or proceeding against said complainant and surety, upon a hearing to assess damages of which hearing complainant and surety shall have reasonable notice, the said complainant and surety submitting themselves to the jurisdiction of the court for that purpose    . . . ."

On February 20, 1974, the Plaintiff filed a bond for $5,000.00 with itself as principal and Aetna Casualty and Surety Insurance Company, as surety, said bond being now in full force and effect.

In 1932, Congress enacted the Norris-LaGuardia Act which severely limited the power of federal courts to issue injunctions in any case involving or growing out of a labor dispute. The subsequent enactment of § 301(a) of the Labor Management Relations Act of 1947 provided for federal court enforcement of collective bargaining agreements. Section 301(a) evinces a strong federal policy in favor of settlement of labor disputes by contractual arbitration. In Boys Markets, Inc. v. Retail Clerks Union, Local 770, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970), the Supreme Court held that the Norris-LaGuardia Act does not bar the granting of injunctive relief under § 301(a) against strikes involving grievances which both parties are contractually bound to arbitrate.

In United States Steel Corp. v. United Mine Workers of America, 456 F.2d 483, 487 (3d Cir. 1972), the Third Circuit Court of Appeals concluded that Boys Markets held only that the "express prohibitions against certain specific injunctions contained in § 4 of Norris-LaGuardia, 29 U.S.C. § 104, were deemed not to bar injunctions necessary to accomplish the purposes of the Labor Management Relations Act through contract arbitration," but that the provisions of the Norris-LaGuardia Act relating to the procedural steps necessary and the safeguards surrounding the issuance of injunctive relief remain in effect. Therefore, the Third Circuit held that the defendants were entitled to costs and. expenses, including attorney's fees, pursuant to § 7 of the Norris-LaGuardia Act, where a preliminary injunction against a strike was found to have been issued without the hearing required by § 7.

▇▇▇▇ In the present motion, Defendants point to several alleged procedural defects in the issuance of the February 19, 1974 temporary restraining order.[1] Defendants' contentions have merit. Section 7 of the Norris-LaGuardia Act provides that a federal court may not issue a temporary or permanent injunction "except after hearing the testimony of witnesses in open court (with an opportunity for cross-examination) in support of the allegations of a complaint made under oath, and testimony in opposition thereto, if offered, and except after findings of fact by the court    . . . ." Such hearing shall be held

---

[1]. In prior proceedings in this case, the issue of the procedural infirmities surrounding the temporary restraining order was raised, but since a request by Defendants for expenses had not been made at that time, and since the temporary restraining order was vacated on the ground that the injunction was no longer necessary, the issue was not reached by the Court. 373 F.Supp. 29 (M.D.Pa.1974). The Court's prior disposition should not at this time be a bar to Defendants raising the issue of the impropriety of the temporary restraining order in conjunction with their request for expenses.

only after due and personal notice has been given to all known persons against whom relief is sought. In this case, the only notice given by Plaintiffs between the filing of the complaint at approximately 11:30 A.M. on February 19 and the ex parte hearing on the motion for temporary restraining order at approximately 5:00 P.M. on February 19, was a telephone call at approximately 1:00 P. M. on February 19 by counsel for Plaintiff to a Mr. Clemens, International Representative of the Union. In my view, this is not the due and personal notice contemplated by § 7 because there was little time in which the Defendants might prepare themselves for any hearing, and because notice was not given to each of the known persons against whom relief was sought. Furthermore, the hearing on the motion for temporary restraining order was not the hearing required by § 7 because testimony of witnesses in open court was not taken. Section 7 does provide that a temporary restraining order may be issued without notice upon testimony under oath, but only if the complaint alleges that "unless a temporary restraining order shall be issued without notice, a substantial irreparable injury to complainant's property will be unavoidable . . . ." Although the complaint alleges that without injunctive relief, Plaintiff would suffer irreparable harm, in my view, § 7 requires that the complaint must state that Plaintiff's property will be physically harmed unless the temporary restraining order without notice is issued. Mere loss of profits or business is not sufficient. The only possible physical damage alleged in the complaint was the danger that Plaintiff's water pipes might freeze because of an inability of the plant to obtain fuel deliveries for heating during the strike. There is no indication that a draining of the water pipes and a shutdown of the plant would not foreclose the possibility of physical harm to the property. Furthermore, it was not alleged in the complaint that the danger of physical harm was so imminent as to justify a temporary restraining order without notice. Assuming for the sake of argument that unavoidable and substantial injury to complainant's property was alleged in conformance with § 7, that section still requires that a temporary restraining order may be issued only upon testimony under oath. Plaintiff contends that a sworn affidavit of the plant manager was sufficient. In my view, testimony under oath requires live testimony of witnesses in open court. The Court has concluded that the hearing and notice procedures outlined in § 7 of the Norris-LaGuardia Act were not followed prior to the issuance of the temporary restraining order.

■ The temporary restraining order was also defective in that it was not conditioned upon the Plaintiff being ordered to arbitrate the dispute giving rise to the strike as required by *Boys Markets,* supra, at p. 254, 90 S.Ct. 1583. Plaintiff contends that the order to arbitrate was unnecessary because the record indicates that Plaintiff had already committed itself before the suit was filed to arbitrate the dispute expeditiously. However, the clear direction of *Boys Markets* to condition the temporary restraining order upon an order compelling arbitration was not carried out in this case. See Emery Air Freight Corporation v. Local Union 295, 449 F.2d 586 (2d Cir. 1971).

Finally, the temporary restraining order of February 19, 1974 was issued without the filing of the findings of fact required by the Norris-LaGuardia Act. Section 9 of the Act states that no temporary restraining order may be filed "except on the basis of findings of fact made and filed by the court in the record of the case prior to the issuance of such restraining order . . . ." Section 7 of the Act lists several specific facts which a court must find prior to the issuance of an injunction. *Boys Markets* imposes upon the Court the additional obligation of finding that the strike sought to be enjoined is over a grievance which both parties are contractually bound to arbitrate. In this case, the only finding made by the Court

prior to the issuance of the temporary restraining order was that Plaintiff would suffer irreparable injury in the absence of the restraining order. This is less than what is required by the Act and case law.

 For all of the above reasons, the Court has concluded that the temporary restraining order was erroneously issued because of the failure to follow the procedural steps required by the Norris-LaGuardia Act and *Boys Markets*. Nevertheless, Plaintiff contends that Defendants are not entitled to expenses caused by the erroneous issuance of the temporary restraining order because they subsequently admitted that the strike was in fact illegal. See 373 F. Supp. at p. 32. Plaintiff cites Railway Express Agency, Inc. v. Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, 437 F.2d 388 (5th Cir. 1971), for the proposition that where the facts surrounding an illegal strike are undisputed, strict compliance with § 7 of the Norris-LaGuardia Act is not required. The present case is distinguishable from *Railway Express* which involved the issuance of a preliminary injunction after a hearing in which all parties were represented and in which the facts were stipulated to and oral testimony was waived by the parties. In the case at bar, the temporary restraining order was issued prior to an adversary hearing and prior to any stipulation as to facts. Furthermore, the Third Circuit case of U. S. Steel Corp. v. United Mine Workers of America, *supra*, indicates that the procedural requirements of the Norris-LaGuardia Act are to be strictly complied with. An *ex post facto* rationalization of the propriety of the temporary restraining order cannot be substituted for compliance with the clear cut procedural steps required by the Norris-LaGuardia Act prior to the issuance of a temporary restraining order.

The imposition of expenses and costs against the Plaintiff may appear harsh under the circumstances of this case. This is especially so in light of the fact that the Court must share some of the blame for issuing the temporary restraining order without regard to the procedures and safeguards required by the Norris-LaGuardia Act. However, in the hurried maneuverings which normally surround an application for and grant of a temporary restraining order, it is encumbent upon a plaintiff to represent its case with due regard to the requirements of the statutes and case law. In cases such as this, the Court expects and deserves the guidance and suggestions of the party seeking such an extraordinary remedy.

An order granting Defendants' motion for assessment of damages and setting a hearing for the determination thereof will be entered.